IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Teamsters Local Union No. 727** | : | |
| **Health & Welfare Fund, by and through its** | : | |
| **Board of Trustees, John T. Coli, Jr.,** | : | |
| **Stephanie Brinson, Michael DeGard,** | : | **Civil Action** |
| **John McCarthy, Gregory T. Youmans,** | : | |
| **Carl S. Tominberg, and Robert Sheehy,** | : | |
| **1300 W. Higgins Rd, Suite 103,** | : | |
| **Park Ridge, IL 60068,** | : | |
| | : | |
| and | : | |
| | : | |
| **Teamsters Local Union No. 727** | : | No. _____ |
| **Pension Fund, by and through its** | : | |
| **Board of Trustees, Michael DeGard,** | : | |
| **John T. Coli, Jr., Stephanie Brinson,** | : | |
| **Nicholas Micaletti, John McCarthy,** | : | |
| **Gregory T. Youmans, Carl S. Tominberg,** | : | |
| **and Robert Sheehy,** | : | |
| **1300 W. Higgins Rd, Suite 103,** | : | |
| **Park Ridge, IL 60068,** | : | |
| | : | |
| and | : | |
| | : | |
| **Teamsters Local Union No. 727 Legal** | : | |
| **& Educational Assistance Fund,** | : | |
| **by and through its Board of Trustees,** | : | |
| **John T. Coli, Jr., Stephanie Brinson,** | : | |
| **Michael DeGard, Nicholas Micaletti,** | : | |
| **John McCarthy, Gregory T. Youmans,** | : | |
| **Carl S. Tominberg, and Robert Sheehy,** | : | |
| **1300 W. Higgins Rd, Suite 103,** | : | |
| **Park Ridge, IL 60068,** | : | |
| | : | |
| and | : | |
| | : | |
| **Parking Industry Labor Management** | : | |
| **Committee, by and through its Board** | : | |
| **of Trustees, John T. Coli, Jr.,** | : | |
| **James Buczek, and Michael Prussian,** | : | |
| **1300 W. Higgins Rd, Suite 103,** | : | |
| **Park Ridge, IL 60068,** | : | |
| | : | |

1

|  |  |
|---|---|
| **Plaintiffs** | : |
|  | : |
| v. | : |
|  | : |
| **LR System Parking – Illinois, LLC, d/b/a and** | : |
| **a/k/a L&R Group of Companies,** | : |
| **707 Wilshire Boulevard, Suite 4300,** | : |
| **Los Angeles, CA 90017,** | : |
| **Defendants.** | : |

## COMPLAINT

## INTRODUCTION

Plaintiffs, Teamsters Local Union No. 727 Health & Welfare Fund, Teamsters Local Union No. 727 Pension Fund, Teamsters Local Union No. 727 Legal & Educational Assistance Fund and the Parking Industry Labor-Management Committee ("PILMC") (hereinafter collectively "the Funds"), by and through the Funds' respective Boards of Trustees, bring this action against Defendants LR System Parking – Illinois, LLC, d/b/a and a/k/a L & R Group of Companies (hereinafter collectively "L&R") pursuant to the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185, and the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. §§ 1132 and 1145. Plaintiffs seek an order directing Defendants to pay delinquent contributions, interest, liquidated damages, and audit fees currently owed to the Plaintiff Funds, and that may become due and owing during the pendency of this litigation, plus attorneys' fees and costs and any other amounts permitted by law.

## JURISDICTION AND VENUE

1. Plaintiffs invoke the jurisdiction of this Court pursuant to section 301(a) of the LMRA, 29 U.S.C. § 185(a); and sections 502(a)(3), 502(g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), 1132(g)(2) and 1145.

2. Plaintiffs in this action are located in Cook County therefore jurisdiction in the Eastern Division of the U.S. District Court for the Northern District of Illinois is appropriate.

3. Venue is proper in this District pursuant to section 301(a) of the LMRA, 29 U.S.C. § 185(a); section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Teamsters Local Union No. 727 Health & Welfare Fund ("Welfare Fund") is a jointly administered multiemployer welfare plan within the meaning of section 302(c)(6) of the LMRA, 29 U.S.C. § 186(c)(6), and §§ 3(1) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002 and (37)(A). The Welfare Fund's business address is 1300 W. Higgins Road, Suite 103, Park Ridge, IL 60068.

5. The Welfare Fund is administered by a Board of Trustees ("Welfare Trustees") in accordance with section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and exists for the exclusive purpose of providing health care benefits to its participants and defraying the reasonable expenses of administering the welfare plan, in accordance with section 404 of ERISA, 29 U.S.C. §1104. The Welfare Fund receives contributions from employers that are parties to a collective bargaining agreement with the International Brotherhood of Teamsters Local Union No. 727 ("Local 727" or "Union").

6. Plaintiffs John T. Coli, Jr., Stephanie Brinson, Michael DeGard, John McCarthy, Gregory T. Youmans, Carl S. Tominberg, and Robert Sheehy are Trustees of the Welfare Fund pursuant to the Welfare Fund's Agreement and Declaration of Trust ("Welfare Fund Trust Agreement"). *Exhibit 1, Welfare Fund Trust Agreement.* Coli, Jr., Brinson, DeGard, McCarthy, Youmans, Tominberg, and Sheehy are fiduciaries of the Welfare Fund as such term is defined in section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). Coli, Jr., Brinson, DeGard, McCarthy,

Youmans, Tominberg, and Sheehy's business address as Trustees of the Welfare Fund is 1300 W. Higgins Road, Suite 103, Park Ridge, IL 60068.

7. Plaintiff Teamsters Local Union No. 727 Pension Fund ("Pension Fund") is a jointly-administered, multiemployer employee pension fund within the meaning of section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and sections 3(2) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002(3) and (37)(A). The Pension Fund's business address is 1300 W. Higgins Road, Suite 103, Park Ridge, IL 60068.

8. The Pension Fund is administered by a Board of Trustees in accordance with section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and exists for the exclusive purpose of providing retirement benefits to its participants and beneficiaries and defraying the reasonable expenses of administering the pension plan, in accordance with section 404 of ERISA, 29 U.S.C. § 1104. The Pension Fund receives contributions from employers that are parties to a collective bargaining agreement with Local 727.

9. Plaintiffs John T. Coli, Jr., Stephanie Brinson, Michael DeGard, Nicholas Micaletti, John McCarthy, Gregory T. Youmans, Carl S. Tominberg, and Robert Sheehy are Trustees of the Pension Fund pursuant to the Pension Fund's Agreement and Declaration of Trust ("Pension Fund Trust Agreement"). *Exhibit 2, Pension Fund Trust Agreement.* Coli, Jr., Brinson, DeGard, Micaletti, McCarthy, Youmans, Tominberg, and Sheehy are fiduciaries of the Pension Fund as such term is defined in section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). Coli, Jr., Brinson, DeGard, Micaletti, McCarthy, Youmans, Tominberg, and Sheehy's business address as Trustees of the Pension Fund is 1300 W. Higgins Road, Suite 103, Park Ridge, IL 60068.

10. Plaintiff Teamsters Local Union No. 727 Legal & Educational Assistance Fund ("L&E Fund") is a jointly-administered, multiemployer employee benefit fund within the meaning

4

of section 302(c)(6) of the LMRA, 29 U.S.C. § 186(c)(6), and sections 3(1) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002 and (37)(A). The L&E Fund's business address is 1300 W. Higgins Road, Suite 103, Park Ridge, IL 60068.

11. The L&E Fund is administered by a Board of Trustees ("L&E Trustees") and exists for the exclusive purpose of providing legal and educational assistance to its participants and defraying the reasonable expenses of administering the L&E Fund, in accordance with section 404 of ERISA, 29 U.S.C. §1104. The L&E Fund receives contributions from employers that are parties to a collective bargaining agreement with Local 727.

12. Plaintiffs John T. Coli, Jr., Stephanie Brinson, Michael DeGard, Nicholas Micaletti, John McCarthy, Gregory T. Youmans, Carl S. Tominberg, and Robert Sheehy are Trustees of the L&E Fund pursuant to the L&E Fund's Agreement and Declaration of Trust ("L&E Fund Trust Agreement"), *Exhibit 3, L&E Fund Trust Agreement*. Coli, Jr., Brinson, DeGard, Micaletti, McCarthy, Youmans, Tominberg, and Sheehy are fiduciaries of the Plan as such term is defined in section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). Coli, Jr., Brinson, DeGard, Micaletti, McCarthy, Youmans, Tominberg, and Sheehy's business address as Trustees of the L&E Fund is 1300 W. Higgins Road, Suite 103, Park Ridge, IL 60068.

13. Plaintiff Parking Industry Labor Management Committee ("PILMC") is a labor management cooperation committee within the meaning of section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9).

14. The PILMC is administered by a Board of Trustees ("PILMC Trustees") and exists for the purpose of improving communication, expanding work opportunities and advancing common interests within the industry. The PILMC receives contributions from employers that are parties to a collective bargaining agreement with Local 727.

15. Plaintiffs John T. Coli, Jr., James Buczek, and Michael Prussian are Trustees of the PILMC pursuant to the PILMC's Agreement and Declaration of Trust ("PILMC Trust Agreement"), *Exhibit 4, PILMC Trust Agreement*. Plaintiffs Coli, Jr., Buczek, and Prussian's business address as Trustees of the PILMC is 1300 W. Higgins Road, Suite 103, Park Ridge, IL 60068.

16. Defendant LR System Parking – Illinois, LLC is a limited liability company in good standing in the state of Delaware. LR System Parking – Illinois, LLC is one of numerous companies within the rubric of L & R Group of Companies. Most of the companies within the L & R Group of Companies, including LR System Parking – Illinois, LLC, are engaged in the business of owning and operating parking facilities, including parking facilities in Illinois. LR System Parking – Illinois, LLC and L & R Group of Companies will be referred to hereinafter jointly as "L&R."

17. L & R is an employer within the meaning of section 301(a) of the LMRA, 29 U.S.C. § 185(a); and section 3(5) of ERISA, 29 U.S.C. § 1002(5). L&R's principal place of business 707 Wilshire Boulevard, Suite 4300, Los Angeles, CA 90017.

**THE COLLECTIVE BARGAINING AGREEMENT OBLIGATIONS ASSUMED BY L&R**

18. On or about March 11, 2008, LR System Parking LLC, a company included under the L & R Group of Companies rubric, purchased all share of the parent entity of System Parking, Inc ("System Parking").

19. At the time of the purchase, System Parking and Local 727 were parties to collective bargaining agreements ("CBA" or "CBAs") that required System Parking to submit remittance reports and corresponding contributions to the Plaintiff Funds for employees covered by the CBAs.

6

20. System Parking and Local 727 negotiated separate CBAs for commercial employees and valet employees. The CBAs governing this action are the following: the November 1, 2006 – October 31, 2011 Commercial CBA (*Exhibit 5*); the July 1, 2005 – June 30, 2010 Valet CBA (*Exhibit 6*); and the July 1, 2010 – June 30, 2013 Valet CBA (*Exhibit 7*).

21. On or about September 30, 2010, System Parking sold substantially all of its assets to AMPCO System Parking. However, liabilities relating to labor and employment matters, and employee benefit plan matters, were not transferred to AMPCO System Parking, and continued to be held by System Parking.

22. On or about November 12, 2010, System Parking changed its name to LR Sys, Inc.

23. In or around December 2010, the stock and all assets, debts, liabilities, and obligations of LR Sys, Inc. were assigned to and assumed by LR System Parking – Illinois, LLC.

24. The System Parking – Local 727 CBAs mirrored the basic terms negotiated by Local 727 with other parking industry employers in the Chicago-area at that time.

## DEFENDANT'S CONTRIBUTION OBLIGATIONS

25. Article 20 of the Commercial CBA sets forth System Parking's obligation to make monthly contributions to the Welfare, Pension and L&E Funds on behalf of employees performing work covered by the CBA. *Exhibit 5, p. 15.*

26. Article 37 of the Commercial CBA sets forth System Parking's obligation to make monthly contributions to the PILMC. *Id., p. 22.*

27. Article 19 of the 2005 Valet CBA and the 2010 Valet CBA sets forth System Parking's obligation to make monthly contributions to the Welfare and L&E Funds on behalf of employees performing work covered by the CBAs. *Exhibits 6 and 7.*

7

28. Article 20 of both Valet CBAs sets forth System Parking's obligation to make monthly contributions to the PILMC on behalf of employees performing work covered by the CBAs. *Id.*

29. It is the policy and practice of the Funds to require employers to submit with their monthly contribution payments a remittance report form setting forth the identity of the employees for whom contributions are due and owing and the contribution amount owed for each employee.

30. The respective Trust Agreements of the Welfare, Pension and L&E Funds include a provision for the collection of delinquent contributions which states as follows:

> The Trustees may compel and enforce the payment of Contributions in any manner which they deem proper but without limitation upon any rights and privileges the Union may have in this connection …
>
> The Trustees shall have the right to adopt rules and regulations relating to the collection of Employer Contributions, including provisions for the payment, collection of interest, audit fees, attorneys' fees at the rate set by the Trustees in their sole discretion, costs, and liquidated damages as specified in this Section. An Employer in default as of the date established by the Collective Bargaining Agreement or the Trustees for payment of Contributions shall be liable for an additional amount of twenty percent (20%) of the delinquent payment or $50.00, whichever is greater, and interest at the rate set forth in the Plan or the rules and regulations. In the absence of the rate set forth in the Plan or rules and regulations, the interest rate used each moth shall be the prime rate plus one percent (1%), as reported in the Wall Street Journal in the first business day of each month.

*Exhibit 1, Welfare Fund Trust Agreement, pp. 19-20; Exhibit 2, Pension Fund Trust Agreement, pp. 18-19; Exhibit 3, L&E Trust Agreement, p. 18-1 .*

31. The PILMC's Trust Agreement contains a provision imposing interest and liquidated damages on delinquent contributions:

> An Employer in default as of the date established by the Collective Bargaining Agreement or the Trustees for payment of Contributions shall be liable for an additional amount of twenty percent (20%) of the delinquent payment or $50.00, whichever is greater, and interest at the rate set forth in the rules and regulations. In the absence of a rate set forth in the rules and regulations, the interest rate used each month shall be the prime rate plus one percent (1%), as reported in the Wall Street Journal on the first business day of each month.

8

*Exhibit 4, p. 21-22.*

32.     The PILMC's Trust Agreement further includes a provision for the collection of contributions which states as follows:

> The Trustees may compel and enforce the payment of Contributions in any manner which they deem proper but without limitation upon any rights and privileges the Union may have in this connection.

*Id. at p. 21.*

### **SYSTEM PARKING'S UNPAID CONTRIBUTIONS TO THE FUNDS**

33.     The Funds conducted a payroll audit of System Parking's books and records for the period April 1, 2008 through October 31, 2010 to determine whether System Parking paid the full amount of contributions owed to the Funds.

34.     The payroll audit revealed that System Parking owes delinquent contributions to each Fund as follows: $310,875.55 to the Welfare Fund; $95,169.60 to the Pension Fund; $22,254.80 to the L&E Fund; and $180.00 to the PILMC.

35.     Pursuant to the Trust Agreements and Section 502(g) of ERISA, 29 U.S.C. § 1132(g), L&R owes liquidated damages to each Fund as follows: $62,175.11 to the Welfare Fund; $19,033.92 to the Pension Fund; $4,450.96 to the L&E Fund; and, as of this date, $36.00 to the PILMC.

36.     Additionally, pursuant to the Funds' Trust Agreements, L&R owes audit fees to each of the Funds as follows:  $33,581.13 to the Welfare Fund; $14,982.35 to the Pension Fund; $2,583.16 to the L&E Fund; and $516.64 to the PILMC.

37.     Further, L&R is obligated to pay interest on all of the delinquent contributions owed to the Funds.  Interest continues to accrue until the contributions owed to each Fund are paid in full.

**ERISA AND COMMON LAW ENFORCEMENT**

38. Section 515 of ERISA, 29 U.S.C. § 1145, states that "[e]very employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

39. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), further provides that "[i]n any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan – (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A), (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and (E) such other legal or equitable relief as the court deems appropriate."

**COUNT I**
**Unpaid Contributions – Welfare Fund**

40. Plaintiffs incorporate by reference paragraphs 1 through 40 above as though fully set forth herein.

41. Pursuant to the CBAs between System Parking and the Union, and as assumed by L&R, L&R is obligated to pay contributions to the Welfare Fund.

42. As of the date of the filing of the instant Complaint, L&R owes delinquent contributions to the Welfare Fund for the period April 1, 2008 through October 31, 2010 in the amount of $310,875.55, plus interest and liquidated damages.

43. Plaintiff Welfare Fund has demanded payment of the contributions owed but Defendant L&R has failed and/or refused to pay the contributions.

44. The Welfare Fund has been economically harmed by Defendant L&R's failure to make contribution payments as required by the CBAs and the Welfare Fund Trust Agreement.

45. Defendant L&R's failure and refusal to pay contributions to the Welfare Fund, as required in the CBAs, violates section 515 of ERISA, 29 U.S.C. § 1145.

**WHEREFORE,** the Welfare Fund prays that the Court grant the following relief:

(a) That the Court enter judgment in favor of the Plaintiff Welfare Fund and against Defendant L&R, and that Defendant L&R be ordered to pay all contributions owed to the Welfare Plan, plus interest, liquidated damages, audit fees, and attorney's fees and costs;

(b) That the Court enter judgment in favor of the Plaintiff Welfare Fund and against Defendant L&R for any additional contribution amounts that may be found due and owing to the Welfare Fund during the pendency of this litigation, together with interest, liquidated damages, attorney's fees and costs as mandated by ERISA; and

(c) That the Court order such other relief that the Court deems just and appropriate.

### COUNT II
### Unpaid Contributions – Pension Fund

46. Plaintiffs incorporate by reference paragraphs 1 through 46 above as though fully set forth herein.

47. Pursuant to the CBAs between System Parking and the Union, as assumed by L&R, L&R is obligated to pay contributions to the Pension Fund.

48. As of the date of the filing of the instant Complaint, L&R owes delinquent contributions to the Pension Fund for the period April 1, 2008 through October 31, 2010 in the amount of $95,169.60, plus interest and liquidated damages.

49. Plaintiff Pension Fund has demanded payment of the contributions owed but Defendant L&R has failed and/or refused to pay the contributions.

50. The Pension Fund has been economically harmed by Defendant L&R's failure to make contribution payments as required by the CBAs and the Pension Fund Trust Agreement.

51. Defendant L&R's failure and refusal to pay contributions to the Pension Fund, as required in the CBAs, violates section 515 of ERISA, 29 U.S.C. § 1145.

**WHEREFORE,** the Pension Fund prays that the Court grant the following relief:

(a) That the Court enter judgment in favor of the Plaintiff Pension Fund and against Defendant L&R, and that Defendant L&R be ordered to pay all contributions owed to the Pension Fund, plus interest, liquidated damages, audit fees, and attorney's fees and costs;

(b) That the Court enter judgment in favor of the Plaintiff Pension Fund and against Defendant L&R for any additional contribution amounts that may be found due and owing to the Pension Fund during the pendency of this litigation, together with interest, liquidated damages, attorney's fees and costs as mandated by ERISA; and

(c) That the Court order such other relief that the Court deems just and appropriate.

## COUNT III
### Unpaid Contributions – L&E Fund

52. Plaintiffs incorporate by reference paragraphs 1 through 52 above as though fully set forth herein.

53. Pursuant to the CBAs between System Parking and the Union, as assumed by L&R, L&R is obligated to pay contributions to the L&E Fund.

54. As of the date of the filing of the instant Complaint, L&R owes delinquent contributions to the L&E Fund for the period April 1, 2008 through October 31, 2010 in the amount of $22,254.80, plus interest and liquidated damages.

55. Plaintiff L&E Fund has demanded payment of the contributions owed but Defendant L&R has failed and/or refused to pay the contributions.

56. The L&E Fund has been economically harmed by Defendant L&R's failure to make contribution payments as required by the CBAs and the L&E Fund Trust Agreement.

57. Defendant L&R's failure and refusal to pay contributions to the L&E Fund, as required in the CBAs, violates section 515 of ERISA, 29 U.S.C. § 1145.

**WHEREFORE,** the L&E Fund prays that the Court grant the following relief:

(a) That the Court enter judgment in favor of the Plaintiff L&E Fund and against Defendant L&R, and that Defendant L&R be ordered to pay all contributions owed to the L&E Fund, plus interest, liquidated damages, audit fees, and attorney's fees and costs;

(b) That the Court enter judgment in favor of the Plaintiff L&E Fund and against Defendant L&R for any additional contribution amounts that may be found due and owing to the L&E Fund during the pendency of this litigation, together with interest, liquidated damages, attorney's fees and costs as mandated by ERISA; and

(c) That the Court order such other relief that the Court deems just and appropriate.

### COUNT IV
### Unpaid Contributions – PILMC

58. Plaintiffs incorporate by reference paragraphs 1 through 58 above as though fully set forth herein.

59. Pursuant to the CBAs between System Parking and the Union, as assumed by L&R, L&R is obligated to pay contributions to the PILMC.

60. As of the date of the filing of the instant Complaint, L&R owes delinquent contributions to the PILMC for the period April 1, 2008 through October 31, 2010 in the amount of $180.00, plus interest and liquidated damages.

61. Plaintiff L&R Fund has demanded payment of the contributions owed but Defendant L&R has failed and/or refused to pay the contributions.

62. The PILMC has been economically harmed by Defendant L&R's failure to make contribution payments as required by the CBAs and the PILMC Trust Agreement.

63. Defendant L&R's failure and refusal to pay contributions to the PILMC, as required in the CBAs, violates section 515 of ERISA, 29 U.S.C. § 1145.

**WHEREFORE,** the PILMC prays that the Court grant the following relief:

(a) That the Court enter judgment in favor of Plaintiff PILMC and against Defendant L&R, and that Defendant L&R be ordered to pay all contributions owed to the PILMC, plus interest, liquidated damages, audit fees, and attorney's fees and costs;

(b) That the Court enter judgment in favor of Plaintiff PILMC and against Defendant L&R for any additional contribution amounts that may be found due and owing to the PILMC during the pendency of this litigation, together with interest, liquidated damages, attorney's fees and costs as mandated by ERISA; and

(c) That the Court order such other relief that the Court deems just and appropriate.

Respectfully submitted,

WILLIG, WILLIAMS & DAVIDSON

  s/ Linda M. Martin
LINDA M. MARTIN, ESQUIRE
*Lead Counsel*
1845 Walnut Street, 24th Floor
Philadelphia, PA  19103
Office           (215) 656-3665
Facsimile    (215) 561-5135
Email         lmartin@wwdlaw.com

ILLINOIS ADVOCATES, LLC

  s/ William M. Tasch
WILLIAM M. TASCH, ESQUIRE
77 W. Washington Street, Suite 2120
Chicago, IL 60602
Office         (312) 346-2052
Facsimile     (312) 492-4804
W. Tasch Email   William.Tasch@iladvocates.com

*Counsel to Plaintiffs Teamsters Local Union No. 727 Health and Welfare Fund, Teamsters Local Union No. 727 Pension Fund, Teamsters Local Union No. 727, L&E Fund, Teamsters Local 727 PILMC and their respective Boards of Trustees*

## **CERTIFICATE OF SERVICE**

I, Linda M. Martin, Esquire, hereby certify that I have this 28 day of February, 2018 forwarded a copy of the Complaint and exhibits in the foregoing matter to the persons listed below, by certified mail, postage prepaid, United States Postal Service:

> R. Alexander Acosta, Secretary
> U.S. Department of Labor
> Office of Public Affairs
> 200 Constitution Ave., N.W.
> Room S-1032
> Washington, DC 20210
>
>
> Steven Terner Mnuchin, Secretary
> United States Department of Treasury
> 1500 Pennsylvania Avenue, N.W.
> Washington, D.C. 20220

                                                   s/  Linda M. Martin
                                                LINDA M. MARTIN, ESQUIRE